STATE v. M. E. BEAN.[1]

December 21, 1934.

No. 30,051.

[1] Reported in 258 N. W. 18.

*McElmeel & Fisch* and *Jerome Jackman,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

PER CURIAM.

Defendant appeals from a judgment convicting him of the crime, a misdemeanor, of unlawfully making and issuing an insurance policy contrary to law. 1 Mason Minn. St. 1927, § 3762.

The contract in question was sold by Mr. Bean as agent for the Fidelity Mutual Association, a corporation under the laws of this state, which has not complied with the statutes relating to domestic insurance companies. The contract was issued to one Fink, who paid for it $28.50. The term of its coverage was two years and the general subject thereof the use by Mr. Fink of an automobile. The issuing company obligated itself to give Fink the benefit of an emergency benefit" which bound the company to spend not to exceed $100 to enable Fink to communicate with relatives or friends if, by reason of injury, he was physically unable to do so himself. In case of his arrest for having wrongfully caused injury to person or property by use of his automobile, the company agreed to furnish him with a bail bond not exceeding the sum of $5,000 underwritten by an "authorized surety company." It also agreed to defend Fink or "any member of his family, his agents or employees" against civil or criminal litigation resulting from the use of his automobile. There was no agreement to answer for any judgment resulting from such litigation. "Tow service," "roadside repairs," and "mechanical advice" were also to be furnished in specific contingencies.

Insurance is thus defined by statute, 1 Mason Minn. St. 1927, § 3314:

"Insurance is any agreement whereby one party, for a consideration, undertakes to indemnify another to a specified amount against

loss or damage from specified causes, or to do some act of value to the assured in case of such loss or damage."

Nothing more need be said to show that the contract in question was one of insurance under the statute and the rule of Physicians' Defense Co. v. O'Brien, 100 Minn. 490, 111 N. W. 396. The contract obligated the issuer to do not one but possibly several acts "of value to the assured in case of such loss or damage." The statute but declares the plain fact that rendition of services may be as much compensation for loss from a stated event as would be the payment of money.

Judgment affirmed.

